**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TIMOTHY DALY,** ) | |
| ) | **Case No.:** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| **DIVERSIFIED ADJUSTMENT** ) | |
| **SERVICE, INC.,** ) | |
| ) | |
| **Defendant.** ) | **(Unlawful Debt Collection Practices)** |
| _____ ) | |

<u>**COMPLAINT**</u>

TIMOTHY DALY ("Plaintiff"), by and through his attorneys, KIMMEL &
SILVERMAN, P.C., alleges the following against DIVERSIFIED ADJUSTMENT SERVICES
("Defendant"):

**INTRODUCTION**

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. §1692 *et seq*.

**JURISDICTION AND VENUE**

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states
that such actions may be brought and heard before "any appropriate United States district court
without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original
jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Pennsylvania, and as such, personal
jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2).

- 1 -

## PARTIES

5.  Plaintiff is a natural person residing in Huntingdon Valley, Pennsylvania.

6.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7.  Defendant is a national debt collection company with its corporate headquarters located at 600 Coon Rapids Blvd., Coon Rapids, MN 55433.

8.  Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Beginning in or around May 2018 and continuing through in or around July 2018, Defendant placed repeated harassing telephone calls to Plaintiff.

12. Upon information and belief, Defendant was attempting to collect an alleged debt, which arose out of transactions that were primarily for personal, family or household purposes.

13. When placing calls to Plaintiff, Defendant requested that Plaintiff disclose his personal information before revealing its purpose in placing calls to Plaintiff's cellular telephone number.

14.     Defendant's harassing debt collection calls derived from numbers including, but not limited to: (844) 735-9449. The undersigned has confirmed that this number belongs to the Defendant.

15.     Shortly after calls began in or around June 2018, Plaintiff informed Defendant that he refused to disclose his personal information and therefore demanded that Defendant stop calling.

16.     Despite Plaintiff's clear request for calls to cease, Defendant continued calling Plaintiff through July 2018.

17.     Once Defendant was informed that its calls were unwanted, any further calls could only have been for the purpose of harassment.

18.     Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

19.     A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

20.     A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

21.     Defendant violated §§1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff and continued to call after it knew its calls were unwanted.

WHEREFORE, Plaintiff, TIMOTHY DALY, respectfully prays for judgment as follows:

        a.      All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

        b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

        c.      All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

        d.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TIMOTHY DALY, demands a jury trial in this case.

Respectfully submitted,

Dated: 3/22/19        By:        /s/ Amy L. Bennecoff Ginsburg, Esq.
                                     Amy L. Bennecoff Ginsburg, Esq.
                                     Kimmel & Silverman, P.C.
                                     30 East Butler Pike
                                     Ambler, PA 19002
                                     Phone: (215) 540-8888
                                     Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT